TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN






NO. 03-97-00559-CV






Mary Nell Wilhite, Appellant



v.



Bell County, Texas, Appellee






FROM THE DISTRICT COURT OF BELL COUNTY, 169TH JUDICIAL DISTRICT


NO. 153,612-C, HONORABLE OLIVER KELLEY, JUDGE PRESIDING 







 Appellant, Mary Nell Wilhite, appeals the trial court's grant of summary judgment
in favor of appellee Bell County ("the County") on her gender discrimination, age discrimination,
and retaliation claims. We will affirm the summary judgment.


STATEMENT OF FACTS

 In 1973, Wilhite began working for the County as a clerk in the County Attorney's
office. After a brief absence, she returned in 1983 to work as a clerk in the District Clerk's
office. Wilhite transferred into the County's Personal Recognizance Bond Office ("PR Bond
Office") in 1989, continuing to work as a clerk. In February 1994, she was promoted to
bondsman. Also in February 1994, the County posted notice that it would be hiring for the
position of director of the PR Bond Office to replace the retiring director. Wilhite applied for the
position, as did Danny Johnson and Paul Rosado. County Judge John Garth interviewed all the
candidates and recommended to the Commissioners Court that Johnson be hired. At the time,
Wilhite was 61 years old and Johnson was 51 years old. The Commissioners Court approved
Judge Garth's recommendation. Wilhite learned of the decision to hire Johnson when he was
introduced in the PR Bond Office as the "new boss."

 On May 11, 1994, Wilhite filed a Notice of Charge of Discrimination with the
Equal Employment Opportunity Commission ("EEOC"), contending she had been discriminated
against in violation of Title VII of the Civil Rights Act of 1964 ("Title VII") and the Age
Discrimination in Employment Act of 1967 ("ADEA"). She claimed the County, without
explanation, refused to promote her to the position of Bondsman II and failed to promote her to
director of the PR Bond Office. In December 1995, the EEOC notified Wilhite that it would not
investigate her claim and instructed her to institute a civil action under Title VII.

 Wilhite filed her original petition in the district court of Bell County on May 2,
1995. In the petition, Wilhite alleged that she is a female over forty years of age, a member of
a protected class because of her sex and age, and that she suffered an adverse employment action
based on the County's hiring of the director of the PR Bond Office. She also included a claim that
the County "committed an unlawful employment practice against her by retaliation after she filed
a complaint." As damages, she sought an unspecified amount based on the increased income for
the director position. 

 The County moved for summary judgment on March 3, 1997, citing ten reasons
why the motion should be granted. Wilhite filed a response to the motion on April 8, 1997. In
her response, Wilhite took the position that the County had not met its burden of showing itself
entitled to summary judgment because, among other things: Judge Garth's affidavit was not
"evidence" but "merely legal conclusions of an interested party;" the County had not presented
any proof to negate the retaliation claim; and the County's proffered nondiscriminatory reason for
its hiring choice was "merely a legal conclusion articulated to defend an illegal act." Finally,
Wilhite stated that the summary judgment motion should be denied because "[t]here are genuine
issues of material facts which preclude entering a judgment in defendant's favor." 

 Before a hearing on the County's summary judgment motion could be held, Wilhite
filed her First Amended Original Petition. (1) In her amended petition, Wilhite continues to assert
her retaliation claim. However, whereas the original petition only alleged discrimination in the
County's hiring of director of the PR Bond Office, the amended petition expands the allegation
to include gender and age discrimination in the County's hiring of both director and bondsman. 
Specifically, Wilhite claims that "a non-protected employee was not treated similarly in [the
County's] hiring of bondsman and Director of Personal Recognizance Bond Office." As a result,
she claims to have been deprived of promotion, increased income, and retirement. She seeks to
recover $100,000 in actual damages and $300,000 in punitive damages as compensation for the
County's willful violations of Title VII.

 Again, the County moved for summary judgment, filing its First Amended Motion
For Summary Judgment. In the motion, the County contends that there are no genuine issues of
material fact as to the gender discrimination, age discrimination, and retaliation claims and
advances thirteen grounds on which the trial court could grant summary judgment. The County
offered summary judgment proof which included Judge Garth's affidavit, Wilhite's personnel
records, and deposition testimony of both Judge Garth and Wilhite. Pursuant to Texas Civil
Procedure Rule 11, the parties agreed that Wilhite would not need to refile her previously filed
response to the County's original summary judgment motion. After conducting a hearing on the
motion, the trial court granted summary judgment to the County on June 26, 1997, without
specifying the grounds. Wilhite now brings this appeal, contending in three points of error that
the trial court erred by considering Judge Garth's affidavit and in granting summary judgment for
the County.


DISCUSSION

 In her first point of error, Wilhite contends that the trial court erred in considering
Judge Garth's affidavit as summary judgment proof that the County did not discriminate against
her. Wilhite complains the affidavit violates Texas Rule of Civil Procedure 166a(f), specifically
the provision requiring competency of the affiant to testify to the stated matter. We must reject
Wilhite's contention.

 Rule 166a(f) provides:


Supporting and opposing affidavits shall be made on personal knowledge, shall set
forth such facts as would be admissible in evidence, and shall show affirmatively
that the affiant is competent to testify to the matters stated therein.



Tex. R. Civ. P. 166a(f). The affidavit asserts that it is based on Judge Garth's personal
knowledge of the stated facts. See Humphreys v. Caldwell, 888 S.W.2d 469, 470 (Tex. 1994)
(affidavit lacking testimony that statements were unequivocally based on personal knowledge was
legally insufficient). The affidavit contains such language as "I interviewed candidates;" "I
recommended the hiring of Danny Johnson;" and "I specifically deny that there was any
discriminatory reason for my decision to recommend Danny Johnson over . . . Mary Nell
Wilhite." Further, the affidavit sets forth Judge Garth's factual reasons for recommending
Johnson instead of Wilhite. For instance, Judge Garth "thought Danny Johnson was the best
person for the job for several reasons." These reasons included Johnson's position as lieutenant;
prior experience and success within the law enforcement field; experience with all aspects of the
criminal justice system, including bonds, booking, jail criteria, and classification; an
understanding of the relationship and importance of jail management; overall management skills
of both people and budgets; and amiable personality. Judge Garth asserts that he did not
discriminate against Wilhite based on her age or gender; rather, he did not recommend her for the
position because she did not have Johnson's "background, training, or supervisory experience." 
Moreover, Judge Garth thought "it would be best to hire from outside the office." Since the
summary judgment record reflects that Judge Garth did in fact interview the candidates and make
the recommendation to the Commissioners Court, he was competent to testify to these matters. 
Wilhite's first point of error is overruled.

 In her second point of error, Wilhite argues that Judge Garth's deposition testimony
raises genuine issues of material fact as to whether the County's reasons for failing to promote
her were legitimate and non-discriminatory. Her third point of error generally avers that the trial
court erred in granting summary judgment to the County because the evidence, viewed in the light
most favorable to her, raises genuine issues of material facts. (2) Because both of these points of
error address the propriety of the summary judgment, we will address them together.

 The standards for reviewing a summary judgment motion are well established. The
movant has the burden of showing that there is no genuine issue of material fact and that it is
entitled to judgment as a matter of law. In deciding whether a genuine issue of material fact
precludes summary judgment, the appellate court takes as true all evidence in favor of the
nonmovant and resolves all doubts and indulges every reasonable inference in favor of the non-movant. See Nixon v. Mr. Property Management Co., 690 S.W.2d 546, 548-49 (Tex. 1985). To
prevail on summary judgment, a defendant must disprove at least one essential element of each
of plaintiff's causes of action, or it must conclusively establish one or more of its defenses. See
Friendswood Dev. Co. v. McDade, 926 S.W.2d 280, 282 (Tex. 1996). 

 A motion for summary judgment must expressly state the grounds upon which it
is made and will stand or fall on those grounds alone. See McConnell v. Southside Indep. Sch.
Dist., 858 S.W.2d 337, 339 (Tex. 1993). Summary judgments may not be affirmed or reversed
on grounds not expressly set forth in the motions presented to the trial court. See City of Houston
v. Clear Creek Basin Auth., 589 S.W.2d 671, 677 (Tex. 1979). Where, as here, a trial court's
order granting summary judgment does not specify the ground or grounds relied on for the ruling,
the non-movant must defeat each summary judgment ground urged by the movant. See Carr v.
Brasher, 776 S.W.2d 567, 569 (Tex. 1989). Otherwise, the appellate court must uphold the
summary judgment if any of the theories advanced are meritorious. Id. 

 Wilhite's allegations of gender and age discrimination in the County's hiring of
bondsman and director of the PR Bond Office are based solely on federal law. Title VII prohibits
employment discrimination on the basis of race, color, religion, sex, or national origin. See 42
U.S.C.A. § 2000e-2(a) (West 1994). The ADEA prohibits discrimination in employment against
persons forty years of age or older. See 29 U.S.C.A. §§ 621 -- 634 (West 1985). Where, as here,
the plaintiff does not have direct proof of discrimination, the federal courts have developed a
burden shifting analysis to ease the employment discrimination plaintiff's evidentiary burden. See
Bienkowski v. American Airlines, Inc., 851 F.2d 1503, 1504 (5th Cir. 1988); Thornbrough v.
Columbus & Greenville R.R., 760 F.2d 633, 638 (5th Cir. 1985). The plaintiff first is required
to establish a prima facie case, which takes only a very minimal showing and raises an inference
of unlawful discrimination. See Nichols v. Loral Vought Sys. Corp., 81 F.3d 38, 41 (5th Cir.
1996); Thornbrough, 760 F.2d at 639. To establish a prima facie case of gender discrimination,
a plaintiff must show that (1) she was member of a protected class; (2) she suffered an adverse
employment action; (3) she was otherwise qualified for the position; and (4) the position was filled
by a person outside of the protected class. See McDonnell Douglas Corp. v. Green, 411 U.S.
792, 802 (1973); Hartsel v. Keys, 87 F.3d 795, 800 (6th Cir. 1996), cert. denied, 117 S. Ct. 683
(1997). This general framework applies to age discrimination cases except the plaintiff is not
required to prove that she was replaced by someone outside the protected class. See O'Connor
v. Consolidated Coin Caterers Corp., 116 S. Ct. 1307, 1310 (1996); Hartsel, 87 F.3d at 800. 
If the plaintiff can establish a prima facie case of employment discrimination, the burden of
production then shifts to the defendant to articulate legitimate, non-discriminatory reasons for the
challenged employment action. See St. Mary's Honor Ctr. v. Hicks, 509 U.S. 502, 506-07
(1993); McDonnell Douglas, 411 U.S. at 802. It is important to note that the defendant need not
prove a non-discriminatory reason for not promoting the plaintiff, but merely articulate a valid
reason. Hartsel, 87 F.3d at 800 (citing Hicks, 509 U.S. at 514). The defendant may meet this
burden by presenting evidence that, if believed by the trier of fact, would support a finding that
unlawful discrimination was not the cause of the employment action. See Hicks, 509 U.S. at 507. 
If this is accomplished, the presumption raised by the plaintiff's prima facie case disappears, and
the burden shifts back to the plaintiff to prove that the employer's proffered reasons are a pretext
for unlawful discrimination. See Texas Dep't of Community Affairs v. Burdine, 450 U.S. 248,
253 (1981); Nichols, 81 F.3d at 41.

 Assuming without deciding that Wilhite has met her initial burden to allege a prima
facie case of both gender and age discrimination in the hiring of director of the PR Bond Office,
the County offered a legitimate, non-discriminatory reason for its decision. The County asserts
the hiring decision was based on Johnson's unique qualifications and background. The summary
judgment proof shows that, among other things, Johnson was a lieutenant with law enforcement
experience; he was familiar with the inner workings of the entire criminal justice system,
including jail management, booking, and bonds; and he had supervised approximately sixty
employees. The summary judgment proof also included Wilhite's employment records and
deposition testimony, which tend to support the County's legitimate reason for hiring Johnson. 
According to the summary judgment proof, Wilhite had served the County as a clerk in several
offices, including the PR Bond Office, and had been promoted to bondsman not more than a few
weeks before applying for the position as director of the office. There is nothing in the appellate
record to indicate that Wilhite has a similar background in law enforcement or experience with
the entire criminal justice system. Further, by her own admission, her supervisory experience
was limited to approximately three other employees. This proof, if believed by the trier of fact,
could support a finding that unlawful discrimination was not the cause of the hiring decision. 
Consequently, the burden shifted to Wilhite to demonstrate that the County's articulated non-discriminatory reason was pretexual.

 In attempting to raise a genuine issue of material fact that the County's response
was pretextual, Wilhite directs us to specific portions of Judge Garth's deposition testimony. 
These portions, however, do not cast doubt on the County's reason for hiring Johnson or permit
any inference of discrimination. For example, Wilhite attempts to establish that Judge Garth hired
Johnson without knowing his background. Wilhite contends that Judge Garth did not review
Johnson's personnel file and did not ask the sheriff about Johnson's abilities. Judge Garth states,
however, that he knew of Johnson's abilities, in part, because he had observed him for years, and
he made inquiries about Johnson to Johnson's direct supervisor, who responded that Johnson was
one of his best people. Wilhite also claims Judge Garth was unable to distinguish between
answers given by Wilhite and Johnson in their respective interviews and that, when pressed, Judge
Garth attributed one of Wilhite's suggestions to Johnson. Even if this is true, it does not affect
the legitimacy of the County's non-discriminatory reason for hiring Johnson. Further, Wilhite
points to Judge Garth's statement that, based on his observations of Johnson, he thought Johnson
would make an excellent employee in the PR Bond Office. This statement does not lend credence
to Wilhite's claim that she was discriminated against because of her gender or age. Wilhite
attempts to discredit Judge Garth's belief that the PR Bond Office needed stronger direction by
pointing out that district court judges had not complained about the PR Bond Office to Judge
Garth. This lack of complaint, however, does not permit an inference that Judge Garth's stated
belief was a pretext for discriminating against Wilhite. Essentially, Wilhite offers no evidence
to rebut the County's non-discriminatory reason for hiring Johnson, namely that he possessed a
unique background and experience that qualified him for the director's position. (3) We, therefore,
are forced to conclude that Wilhite has not raised a genuine issue of material fact as to the
County's non-discriminatory reason for hiring Johnson as director of the PR Bond Office;
consequently, she cannot avoid summary judgment on her gender and age discrimination claims.

 The County also moved for summary judgment on Wilhite's claims of gender and
age discrimination in the County's failure to promote her to bondsman on three grounds: statute
of limitations; Wilhite is a bondsman; and Wilhite has no damages regarding this position. With
respect to the second theory, the County offered summary judgment proof, in the form of
Wilhite's deposition testimony, that she received her requested promotion to bondsman in title,
work load, and salary increase months before she filed her discrimination claim with the EEOC. 
On appeal, Wilhite does not refute these facts nor does she even address the County's argument. 
Since the summary judgment could be upheld on this theory and Wilhite has not negated it, we
must affirm the summary judgment as to Wilhite's claim for gender and age discrimination
regarding the bondsman position. See Carr, 776 S.W.2d at 569.

 In addition, Wilhite brought a claim for retaliation in her amended petition. To
establish a cause of action for retaliation, a plaintiff must show that she engaged in an activity
protected under Title VII, that she suffered an adverse employment action, and that there is a
causal connection between the protected activity and the adverse employment decision. See Long
v. Eastfield College, 88 F.3d 300, 304 (5th Cir. 1996). Wilhite's claim is grounded in Johnson's
refusal to act on a letter she wrote to him in January 1995. In the letter, she complained that her
co-worker did not perform as many office duties as she did and suggested that they rotate certain
duties each month. She contends that Johnson "essentially took no action to see that the co-worker did his share of the work" and "[t]his action was retaliation against [her] because she had
filed a Title VII, ADEA action against the County." Wilhite, however, has failed to allege facts
that establish an adverse employment action. She claims Johnson's refusal to act on, in her
opinion, the unfair distribution of work in the office amounts to retaliation. Johnson's response
letter, however, explains that her promotion to bondsman included the duties of both bondsman
and clerk. The former director implemented this arrangement months before Wilhite filed her
employment discrimination claims. We hold, therefore, that these facts establish that Wilhite was
not retaliated against for filing a complaint.



CONCLUSION

 The trial court properly considered Judge Garth's affidavit as summary judgment
proof, thus point of error one is overruled. Having determined that the summary judgment should
be affirmed as to all of Wilhite's claims, we overrule her second and third points of error. The
judgment of the district court is affirmed.



 


 Marilyn Aboussie, Justice

Before Chief Justice Yeakel, Justices Aboussie and Jones

Affirmed

Filed: July 2, 1998

Do Not Publish
1. Although the summary judgment response was filed on April 8, 1997, it purports to
incorporate by reference Wilhite's First Amended Original Petition which was not filed until April
11, 1997.
2. Wilhite does not specifically attack by point of error each of the thirteen grounds advanced
in the County's motion for summary judgment. However, under Malooly Brothers, Inc. v.
Napier, 461 S.W.2d 119 (Tex. 1970), we find Wilhite's third point of error is sufficient to permit
argument on all the possible grounds upon which summary judgment could have been granted. 

3. Furthermore, the sparse facts alleged in her pleadings do not rebut the County's non-discriminatory reason for its decision. Also, we note that Wilhite admits in her deposition that
Judge Garth did not say anything to her before, during, or after her interview to make her think
she was not being fairly considered for the director's position. 



nd and experience that qualified him for the director's position. (3) We, therefore,
are forced to conclude that Wilhite has not raised a genuine issue of material fact as to the
County's non-discriminatory reason for hiring Johnson as director of the PR Bond Office;
consequently, she cannot avoid summary judgment on her gender and age discrimination claims.

 The County also moved for summary judgment on Wilhite's claims of gender and
age discrimination in the County's failure to promote her to bondsman on three grounds: statute
of limitations; Wilhite is a bondsman; and Wilhite has no damages regarding this position. With
respect to the second theory, the County offered summary judgment proof, in the form of
Wilhite's deposition testimony, that she received h