**Elwood O. OLIVER, Jr., Plaintiff,**

v.

**UNITED STATES OF AMERICA DEPARTMENT OF DEFENSE, Defendant.**

**No. SA–97–CA–1458–OG.**

United States District Court, W.D. Texas, San Antonio Division.

Jan. 27, 1999.

Edward L. Pina, Attorney at Law, San Antonio, TX, for plaintiff.

Robert Shaw–Meadow, Assistant United States Attorney, San Antonio, TX, for defendant.

## ORDER GRANTING MOTION FOR SUMMARY JUDGMENT

ORLANDO L. GARCIA, District Judge.

Plaintiff brings this Title VII case alleging his employer, the Department of the Air Force at Kelly Air Force Base, discriminated against him on the basis of race, color, sex, and age when it failed to promote him to a temporary competitive detail GS–11 civilian Supervisory Transportation Specialist position in April 1990. Plaintiff is a male African–American who was 51 years old at the time the temporary position was filled.[1] Defendant moves for summary judgment.[2]

Defendant does not bother to refute plaintiff's prima facie case. Rather, he argues that plaintiff cannot provide any probative evidence of intentional discrimination to rebut defendant's legitimate non-discriminatory reasons for the challenged employment action.[3] As a legitimate non-discriminatory reason for his failure to promote plaintiff, defendant states that the decision-makers believed in good faith that Patricia Montanye, the person selected for the position, was better qualified. (SMF [4] 5 & 7.) Montanye is a white female who at the time of her selection was 36 years old.

### Plaintiff loses on procedural grounds

■ Plaintiff failed to specifically contradict defendant's statement of material facts as required by this Court's June 1, 1998 Order Concerning Consent Trials, Discovery, Pretrial Matters, and Pretrial Order. Paragraph 10 or that order provides in part:

> The party opposing a motion for summary judgment or for partial summary

---

1. Plaintiff was appointed in December 1993 to the same GS–11 supervisory position that is the subject of this suit.

2. Summary judgment is appropriate when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." FED.R.CIV.P. 56(c). As a prerequisite to summary judgment, a moving party must demonstrate "an absence of evidence to support the non-moving party's case." Celotex Corp. v. Catrett, 477 U.S. 317, 325, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). Once the moving party has properly supported its motion for summary judgment, the nonmoving party must "do more than simply show there is some metaphysical doubt as to the material facts." Matsushita Elec. Indus. Co. v. Zenith Radio, 475 U.S. 574, 586, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986). The non-moving party may not rest on mere allegations or denials of his pleading, but must "come forward with 'specific facts showing that there is a genuine issue for trial.'" Id. at 587, 106 S.Ct. 1348 (quoting FED.R.CIV.P. 56(e) and adding emphasis). See also Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 256, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). The inferences to be drawn from the underlying facts must be viewed in the light most favorable to the party opposing the motion. Matsushita Elec. Indus. Co., 475 U.S. at 587,

106 S.Ct. 1348 (citations omitted). However, "[w]here the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no 'genuine issue for trial.'" Id. (citation omitted).

3. Assuming plaintiff has established a prima facie case, the burden is defendant's to present evidence that plaintiff was not promoted for a legitimate, nondiscriminatory reason. Burdine, 450 U.S. at 253, 101 S.Ct. at 1093; McDonnell Douglas Corp. v. Green, 411 U.S. 792, 802, 93 S.Ct. 1817, 1824, 36 L.Ed.2d 668 (1973). If this burden is met, the presumption disappears and the plaintiff has the opportunity to prove that the reason articulated by the employer was a mere pretext. St. Mary's Honor Ctr. v. Hicks, 509 U.S. 502, 510–11, 113 S.Ct. 2742, 2749, 125 L.Ed.2d 407 (1993); Burdine, 450 U.S. at 255, 101 S.Ct. at 1094–95. The plaintiff retains the burden of persuading the fact-finder of intentional discrimination. Cooper v. Federal Reserve Bank, 467 U.S. 867, 875, 104 S.Ct. 2794, 2799, 81 L.Ed.2d 718 (1984); Burdine, 450 U.S. at 253, 101 S.Ct. at 1093. A "reason cannot be proved to be a 'pretext for discrimination' unless it is shown both that the reason was false, and that discrimination was the real reason." Hicks, 509 U.S. at 515, 113 S.Ct. at 2752 (emphasis in original).

4. "SMF" refers to Defendant's Statement of Material Facts at Doc. 43.

judgment shall attach a *separate,* short, and concise statement of the *material facts* that, according to the opposing party, *contain genuine issues to be tried.* The statement shall include specific reference to those parts of the pleadings, depositions, answers to interrogatories, admissions on file, and affidavits that support the party's contentions.

All material facts set forth in the statement required to be served by the moving party *may be deemed admitted unless controverted by the statement required to be served by the opposing party.*

Order Concerning Consent Trials, Discovery, Pretrial Matters, and Pretrial Order (Doc. 16 at ¶ 10) (emphasis added). Plaintiff did not file the required statement.[5] Therefore, the Court deems defendant's statement of material facts ADMITTED (Doc.43).

Those facts establish the following: Montanye was highly qualified for the position, and even plaintiff admitted she was at least minimally qualified. (SMF 5.) Plaintiff also admitted that once promoted, Montanye was able to perform the job. (SMF 11.) The selecting official, Gerald Longhurst, a 47–year–old white male, believed in good faith that Montanye was the best candidate for the position. (SMF 7.) Longhurst believed in good faith that Montanye possessed objective qualifications similar to those of plaintiff, but did not display plaintiff's shortcomings. (SMF 8– 10; Longhurst Declaration[6] at ¶ 8). Plaintiff's shortcomings included problems with tardiness at critical times,[7] and with following Air Force regulations and procedures. (SMF 8 & 9.) The latter is evi-

denced by complaints Longhurst received from Marilyn Jung, chief of the administration/compliance branch, concerning plaintiff's misuse of the augmentee program. (SMF 9.) Ms. Jung had a good reputation for honesty, had no personal axe to grind with plaintiff, and harbored no discriminatory animus against him. (SMF 10.) Longhurst believed Montanye would make a better supervisor because of her superior job performance and her leadership qualities. (Longhurst Declaration at ¶ 8.) According to plaintiff, the person best qualified to evaluate the job performances of Ms. Montanye and himself was plaintiff's first-level supervisor, Henry Farris, an African–American. (SMF 6.) Farris testified that his job performance appraisals of plaintiff and Montanye were in the "same immediate area." (*Id.*)

By his failure to properly challenge these facts, plaintiff has failed to meet his burden to show that defendant's legitimate non-discriminatory reason for not promoting him was false, and that discrimination was the real reason. *See Hicks,* 509 U.S. at 515, 113 S.Ct. at 2752.

■ Defendant also complains that none of plaintiff's exhibits are verified. *See King v. Dogan,* 31 F.3d 344, 346 (5th Cir. 1994) (unverified pleadings and unauthenticated documents do not constitute proper summary judgment evidence); *Duplantis v. Shell Offshore, Inc.,* 948 F.2d 187, 192 (5th Cir.1991) (nonmovant cannot oppose a summary judgment motion with an unauthenticated letter). The unverified exhibits are therefore inadmissible.[8] Therefore, plaintiff has failed to present any admissi-

---

5. Although plaintiff provides a list of "undisputed facts" and "issues" in his response, the list does not satisfy the Court's order because it does not list "material facts that ... contain genuine issues to be tried...."

6. Doc. 43, Ex. 2.

7. Plaintiff's problems with tardiness occurred after the selection and cannot be used as

support for Longhurst's decision not to promote plaintiff. At best they show that his decision to promote Montanye was a good one.

8. Plaintiff's first exhibit is the transcript of the EEOC hearing. The hearing transcript is available to the Court in defendant's Exhibit 3.

ble summary judgment evidence in support of his response.[9]

## Plaintiff loses on the merits

Even setting aside for a moment plaintiff's fatal procedural defaults and after reviewing plaintiff's response, the Court must still conclude that plaintiff has failed to meet his burden.[10]

■ Plaintiff contends unlawful discrimination was a factor because of the "gross" and "egregious" disparity in his and Montanye's qualifications. Response at 15, 16. Indeed, it is primarily on his then 25–years experience in transportation and his higher educational attainment that plaintiff's case largely rests. A fact finder can infer pretext if it finds that the protected employee was "clearly better qualified" (as opposed to merely better or as qualified) than the employee who is selected. *EEOC v. Louisiana Office of Community Servs.*, 47 F.3d 1438, 1445–46 (5th Cir.1995); *Odom v. Frank*, 3 F.3d 839, 845–46 (5th Cir.1993). "However, this evidence must be more than merely subjective and speculative." *Nichols v. Loral Vought Sys. Corp.*, 81 F.3d 38, 42 (5th Cir.1996). "To establish a fact question as to relative qualifications, a plaintiff must provide sufficiently specific reasons for his opinion; mere subjective speculation will not suffice." *Id.* Moreover, in pursuing this inquiry, it is recognized that "the judicial system is not as well suited by training and experience to evaluate qualifications ... in other disciplines as are those persons who have trained and worked for years in that field of endeavor for which the applications under consideration are being evaluated." *Louisiana Office of Community Servs.*, 47 F.3d at 1445. Thus, "[u]nless disparities in curricula vitae are so apparent as virtually to jump off the page and slap us in the face, we judges should be reluctant to substitute our views for those of the individuals charged with the evaluation duty by virtue of their own years of experience and expertise in the field in question." *Id.*

■ The evidence before the Court does not support plaintiff's argument. At best the evidence shows that plaintiff was merely better or as qualified; at worst it shows that Montanye was the better qualified applicant. In the present case it is uncontested that plaintiff had more transportation-related experience than Montanye. The Fifth Circuit has repeatedly stated, however, that an attempt to equate years served with qualifications is unpersuasive. *Nichols v. Lewis Grocer*, 138 F.3d 563, 568–69 (5th Cir.1998). "More evidence, such as comparative work performance, is needed." *Loral Vought Sys. Corp.*, 81 F.3d at 42. Longhurst felt that

---

**9.** Nor do the inadmissible documents support plaintiff's arguments. Plaintiff characterizes Longhurst's affidavit (PX 3) as "direct documentary evidence" that Longhurst considered race in his selection. The only time race is mentioned in the affidavit, however, is when Longhurst refutes plaintiff's contentions. Longhurst states that in the eight promotions in which he has been involved in his five years at his current position, four were Hispanic females, one was a white female, and three were black males. One of the three black males was *plaintiff himself* whom Longhurst selected for a promotion to a GS–9 position in 1987.

**10.** Plaintiff claims that he is unable to fully respond to defendant's motion because defendant failed to respond to "several key discovery items." (Doc. 46, Plaintiff's Response at 1–2). He laments that this fact was only discovered when he began preparation of his response, and intimates that a motion to compel may be necessary. *Id.* The Court will note only that no motion to compel has been filed, that discovery has closed and therefore such a motion would now be tardy, and that plaintiff has not even attempted to make the showing required by Fed R.Civ.P. 56(f). *See Liquid Drill, Inc. v. U.S. Turnkey Exploration, Inc.*, 48 F.3d 927, 930 (5th Cir.1995) (to be entitled to a continuance of a summary judgment proceeding in order to obtain further discovery, party opposing the motion must specifically explain both why it is currently unable to present evidence creating a genuine issue of material fact and how a continuance would enable the party to present such evidence). The Court has no sympathy for plaintiff's belated review of defendant's discovery responses.

Montanye's "superior job performance and her leadership qualities" made her better qualified for the position. Longhurst Declaration at ¶8. Further, Longhurst "considered Mr. Oliver's problems with the augmentee program as an example of how he evaded proper procedures and how he did not have the leadership qualities necessary for a supervisor." Id. at ¶10. Even Farris, plaintiff's star witness, who had evaluated both plaintiff and Montanye, testified that their job performances were similar. In sum, the Court must conclude that plaintiff's qualifications are not "so superior" to those of Montanye's to permit an inference of pretext. Louisiana Office of Community Servs., 47 F.3d at 1445.

■ The relevant inquiry in any case is not whether the employer's evaluations were wise or correct, but whether they were honestly held and free of discriminatory bias. Grimes v. Texas Dep't of Mental Health & Mental Retardation, 102 F.3d 137, 142 (5th Cir.1996). Disagreements over which applicant is more qualified are employment decisions which the courts will not second guess. See Bienkowski v. American Airlines, Inc., 851 F.2d 1503, 1507–08 (5th Cir.1988) ("The ADEA was not intended to be a vehicle for judicial second-guessing of employment decisions, nor was it intended to transform the courts into personnel managers."). "Even if evidence suggests that a decision was wrong, a court will not substitute its judgment as to who was more qualified for the employer's business judgment." Scott v. University of Miss., 148 F.3d 493, 509 (5th Cir.1998).

■ Plaintiff also contends that Longhurst's proffered reasons for his selection were "a constantly moving target," "purely subjective and non-demonstrable." Response at 9. Subjective criteria necessarily

and legitimately enter into personnel decisions involving supervisory positions. See, e.g., Risher v. Aldridge, 889 F.2d 592, 597 (5th Cir.1989); Lerma v. Bolger, 689 F.2d 589, 592 (5th Cir.1982). Again, the Court declines to substitute its "judgment for the employer in evaluating what types of experience are most valuable for an employee in the new position in the absence of proof that the standards were not consistently applied or were so irrational or idiosyncratic as to suggest a cover-up." Louisiana Office of Community Servs., 47 F.3d at 1445–46. Plaintiff has failed in his most important task, to raise a fact issue that Longhurst's selection criteria were discriminatory.

■ The conspicuous absence of evidence of discrimination in this case is made more glaring by the fact that Longhurst had promoted plaintiff in June 1987 from GS–8 to GS–9. He did so partly on Farris's recommendation. Longhurst Declaration at ¶3. When an individual is previously responsible for hiring or promoting a member of a protected group, there exists an inference that discrimination did not motivate the same individual's subsequent challenged employment action. Brown v. CSC Logic, Inc., 82 F.3d 651, 658 (5th Cir.1996).

Finally, plaintiff makes several ineffectual attempts to present evidence in support of his claims. He attempts to rely upon Farris's EEOC testimony, Response at 13, but he provides no citations to the record where the relevant testimony is to be found.[11] Plaintiff also attempts to rely on "the affidavits and testimony of other workers at the administrative hearing . . . .", Response at 14, but again, he neither identifies the workers nor their testimony, and he produces no affidavits. Plaintiff then alludes to a history of age discrimination at the San Antonio office,

11. Fed.R.Civ.P. 56 saddles the non-movant with the duty to "designate" the specific facts in the record that create genuine issues precluding summary judgment, and does not impose upon the district court a duty to survey the entire record in search of evidence to

support a non-movant's opposition. Jones v. Sheehan, Young & Culp, P.C., 82 F.3d 1334, 1338 (5th Cir.1996). In addition, Farris's opinion that plaintiff's and Montanye's job performances were similar has already been discussed.

but he yet again fails to produce the discovery responses that allegedly support his allegation. *See* Response at 14–15. In short, plaintiff's argument is, "just let me get to trial and I will produce evidence of discrimination." It should not need to be reiterated, but plaintiff must raise a genuine issue of material fact before he is entitled to advance to the courtroom.

Plaintiff can avoid summary judgment in this case if the evidence taken as a whole (1) creates a fact issue as to whether each of defendant's stated reasons was what actually motivated the him and (2) creates a reasonable inference that race, color, sex, or age was a determinative factor in the actions of which plaintiff complains. *Atkinson v. Denton Publishing Co.*, 84 F.3d 144, 149 (5th Cir.1996). Plaintiff has wholly failed to meet his burden. Therefore, defendant's motion for summary judgment (Doc.42) is GRANTED, and plaintiff's lawsuit is DISMISSED WITH PREJUDICE.