United States Court of Appeals,

Fifth Circuit.

No. 95-10519

Summary Calendar.

Ellis E. NICHOLS, Jr., Plaintiff-Appellant,

v.

LORAL VOUGHT SYSTEMS CORPORATION, Defendant-Appellee.

April 22, 1996.

Appeal from the United States District Court for the Northern District of Texas.

Before WIENER, PARKER and DENNIS, Circuit Judges.

ROBERT M. PARKER, Circuit Judge:

This is an age discrimination case filed *pro se* by Nichols under the ADEA on May 24, 1994, against Loral Vought and its parent company, Loral Corporation. On June 15, 1994, Loral Vought filed its original answer, and Loral Corporation filed a motion to dismiss. Thereafter, Nichols hired an attorney to represent him in the action and agreed to the dismissal of Loral Corporation. Loral Vought then moved for summary judgment, and on May 22, 1995, the district court granted the motion. Nichols timely appealed.

I. FACTUAL BACKGROUND

Loral Vought hired Nichols as a contracts administrator on May 5, 1989. Loral Vought gives each of its employees annual written performance evaluations. Bill Nance, Nichols' supervisor at the time, gave Nichols a performance evaluation for 1989, ranking Nichols in the middle of five categories ("Meets Expectations"). Nance also gave Nichols his performance evaluation for 1990. Loral

Vought's evaluation form in 1990 had changed somewhat from the previous year and contained four categories instead of five. Nance's 1990 evaluation of Nichols rated him in the next to the lowest of these categories ("Usually Meets Expectations").

On July 17, 1991, Nichols was transferred into a different section of Loral Vought where he continued to work as a contracts administrator under the supervision of Kathy K. Verrijcke. In 1991, Verrijcke also gave Nichols a performance rating of "Usually Meets Expectations." On November 23, 1992, Verrijcke gave Nichols an interim performance evaluation as a follow-up to the 1991 assessment. Nichols again received a rating of "Usually Meets Expectations."

In early 1993, Loral Vought determined that a company-wide reduction of personnel was necessary. Jack Abbott, the Director of Financial Management for Loral Vought, was responsible for making the actual decision of whom would be laid off in the contracts administration area. In making the lay off selections, Abbott reviewed the performance evaluations of all employees. Abbott selected Nichols for lay off, and Loral Vought terminated Nichols' employment on March 29, 1993.

Nichols' age discrimination complaint centers on allegations that his supervisor, Kathy Verrijcke, was biased against him because of his age. As evidence, Nichols cites "three or four occasions" prior to 1992 when Verrijcke pointed out that she was Nichols' superior despite being younger. Additionally, two similar events allegedly occurred in 1992, one in August and one in

2

November. Nichols contends that Verrijcke's bias led her to give him unreasonably harsh performance evaluations, to harass him about his age, and to "poison" the minds of management officials who made the decision to lay Nichols off. Nichols additionally alleges that Verrijcke made insensitive statements regarding disabled persons and African-Americans and that she habitually made off-color or sexual remarks.

Loral Vought denies that its decision to lay off Nichols was based on age. Instead, it argues that Nichols was laid off for legitimate, non-discriminatory reasons and that Verrijcke played no part in determining which employees would be laid off. Loral Vought further contends that Nichols' layoff was the result of careful application of standardized procedures, beginning with Nichols' annual performance evaluations and culminating in the methodical selection of employees for layoff.

## II. ANALYSIS

The standard of review on appeal from a district court's granting of summary judgment is *de novo. Bodenheimer v. PPG Indus., Inc.,* 5 F.3d 955, 956 (5th Cir.1993). Summary judgment is appropriate if there is "no genuine issue as to any material facts and ... the moving party is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(c). The threshold inquiry, therefore, is whether there are "any genuine factual issues that properly can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party." *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 250, 106 S.Ct. 2505, 2511, 91 L.Ed.2d 202

3

(1986). Of course, "the substantive law will identify which facts are material." *Id.* at 248, 106 S.Ct. at 2510. All of the evidence must be viewed in the light most favorable to the motion's opponent. *Bodenheimer,* 5 F.3d at 956.

A plaintiff who can offer sufficient direct evidence of intentional discrimination should prevail, just as in any other civil case where a plaintiff meets his burden. *See Portis v. First Nat'l Bank of New Albany, Miss.,* 34 F.3d 325, 328 n. 6 (5th Cir.1994). However, because direct evidence of discrimination is rare, the Supreme Court has devised an evidentiary procedure that allocates the burden of production and establishes an orderly presentation of proof in discrimination cases. *Bodenheimer,* 5 F.3d at 957; *see McDonnell Douglas Corp. v. Green,* 411 U.S. 792, 93 S.Ct. 1817, 36 L.Ed.2d 668 (1973).

Nichols cannot point to sufficient direct evidence of discrimination to prevail without using the burden-shifting analysis. "Direct evidence of discrimination is evidence which, if believed, would prove the existence of a fact (*i.e.,* unlawful discrimination) *without any inferences or presumptions.*" *Bodenheimer,* 5 F.3d at 958 (emphasis added). Nichols' evidence is insufficient to establish unlawful discrimination without any inferences. Therefore, he must rely on the traditional burden-shifting analysis as set forth by the Supreme Court and adopted by this Circuit.

In a reduction-in-force case, a plaintiff makes out a *prima facie* case by showing (1) that he is within the protected age

4

group; (2) that he has been adversely affected by the employer's decision; (3) that he was qualified to assume another position at the time of the discharge; and (4) "evidence, circumstantial or direct, from which a factfinder might reasonably conclude that the employer intended to discriminate in reaching the decision at issue." *Amburgey v. Corhart Refractories Corp., Inc.,* 936 F.2d 805, 812 (5th Cir.1991) (citation omitted). There is no dispute that Nichols was within the protected age group and that he was adversely affected by being laid off. However, Loral Vought asserts that Nichols failed to establish that he was qualified to assume another position at Loral Vought, had one been available at the time of the lay off. Furthermore, Loral Vought disputes that Nichols showed any evidence, circumstantial or direct, from which a factfinder might reasonably conclude that Loral Vought intended to discriminate in laying off Nichols.

"[T]o establish a *prima facie* case, a plaintiff need only make a very minimal showing." *Thornbrough v. Columbus & Greenville R.R. Co.,* 760 F.2d 633, 639 (5th Cir.1985). Therefore, we assume *arguendo* that Nichols has established a *prima facie* case.

A *prima facie* case raises an inference of unlawful discrimination. *Rhodes v. Guiberson Oil Tools,* 75 F.3d 989, 992 (5th Cir.1996) (en banc). The burden of production then shifts to the defendant to proffer a legitimate, non-discriminatory reason for the challenged employment action. *Id.* The defendant may meet this burden by presenting evidence that "if believed by the trier of fact, would support a finding that unlawful discrimination was

5

not the cause of the employment action." *Id.* (quoting *St. Mary's Honor Center v. Hicks,* 509 U.S. 502, ----, 113 S.Ct. 2742, 2747, 125 L.Ed.2d 407 (1993)).

Loral Vought has articulated a legitimate, non-discriminatory reason for the layoff, *i.e.,* the reduction in force. If believed by the trier of fact, this reason would support a finding that unlawful discrimination was not the cause of the discharge. Therefore, the presumption raised by Nichols' *prima facie* case disappears. *Rhodes,* 75 F.3d at 992.

Next, the plaintiff is given the opportunity to demonstrate that the defendant's articulated rationale is merely a pretext for discrimination. *Id.* If Nichols can raise a genuine issue of material fact as to whether he has established pretext, that will suffice to avoid summary judgment. No additional evidence of discrimination is needed to defeat the summary judgment motion. *See id.* at 993 ("In tandem with a *prima facie* case, the evidence allowing rejection of the employer's proffered reasons will often, perhaps usually, permit a finding of discrimination without additional evidence."). As evidence of pretext, Nichols points to the alleged disparity between Verrijcke's evaluations of him and those of his previous supervisor (Nance), the statements allegedly made by Verrijcke, and comparative evidence purportedly showing that Nichols was clearly better qualified than younger workers allowed to remain at Loral Vought.

Of Nichols' four evaluations, he received the same rating on the three that used the same form. Accordingly, the reviews do not

support Nichols' contention that Verrijcke rated him lower than Nance.

Similarly, Nichols' contention that Verrijcke's alleged comments regarding his age are evidence of unlawful discrimination is without merit. Nichols claims that on roughly five to six occasions over approximately three and a half years, the last occurring in November of 1992, Verrijcke pointed out that she was Nichols' superior despite being younger. Even assuming that a jury could reasonably infer that these comments, if made, were more than "stray remarks," *see Waggoner v. City of Garland, Tex.,* 987 F.2d 1160, 1166 (5th Cir.1993), Verrijcke was not the relevant decision maker. To be probative, allegedly discriminatory statements must be made by the relevant decision maker. *See Normand v. Research Inst. of Am., Inc.,* 927 F.2d 857, 864 & n. 3 (5th Cir.1991). Here, however, Nichols fails to offer any competent summary judgment evidence to rebut Abbott's assertion that he did not consult Verrijcke in making the layoff decision. The only way Nichols has shown that Verrijcke participated in the decision is through her evaluations of Nichols which Abbott considered. However, as previously discussed, Nichols has not shown these evaluations to be discriminatory.

Last, Nichols points to evidence purportedly showing that he was clearly better qualified than younger workers allowed to remain at Loral Vought. A genuine issue of material fact exists when evidence shows the plaintiff was "clearly better qualified" than younger employees who were retained. *Bodenheimer,* 5 F.3d at 959.

7

However, this evidence must be more than merely subjective and speculative. *See Molnar v. Ebasco Constructors, Inc.,* 986 F.2d 115, 119 (5th Cir.1993); *Elliott v. Group Medical & Surgical Serv.,* 714 F.2d 556, 564 (5th Cir.1983), *cert. denied,* 467 U.S. 1215, 104 S.Ct. 2658, 81 L.Ed.2d 364 (1984). To establish a fact question as to relative qualifications, a plaintiff must provide sufficiently specific reasons for his opinion; mere subjective speculation will not suffice.

In his attempt to show that he was more qualified than other individuals who were not laid off by Loral Vought, Nichols submits only his own affidavit and deposition testimony where he claims to be better qualified than three of the remaining contracts administrators. In his affidavit, Nichols states that "younger, less qualified persons (Jack Hamilton, Jon Goodwin, and Jamie Larson), were allowed to remain at Defendant. Ms. Larson was in her twenties and had no actual experience in federal contracting prior to her employment with Defendant." Similarly, in deposition testimony Nichols concludes that he was better qualified than these individuals because he had more work experience.

However, an "attempt to equate years served with superior qualifications ... [is] unpersuasive." *Bodenheimer,* 5 F.3d at 959. Obviously, work experience is one component of defining who is more "qualified." However, *Bodenheimer,* mandates that greater experience alone will not suffice to raise a fact question as to whether one person is clearly more qualified than another. More evidence, such as comparative work performance, is needed.

8

Nichols' summary judgment evidence does not contain sufficiently specific reasons to support his subjective opinion that he was more qualified than the other individuals.

Accordingly, Nichols has failed to raise a genuine issue of material fact as to whether he established that Loral Vought's proffered reason was pretext for unlawful discrimination. Therefore, the summary judgment granted by the district court is AFFIRMED.