IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 99-11325
(Summary Calendar)
_____


RONALD M. HILLS,

                                        Plaintiff-Appellant,

versus


LOCKHEED MARTIN CORPORATION,

                                        Defendant-Appellee.

--------------------
Appeal from the United States District Court
for the Northern District of Texas
(4:97-CV-931-P)
--------------------
May 31, 2000

Before POLITZ, WIENER, and DeMOSS, Circuit Judges.

PER CURIAM:[*]

     Defendant-Appellant Ronald M. Hills appeals the district court's summary judgment dismissal of his age discrimination and retaliation suit filed pursuant to the Age Discrimination and Employment Act (ADEA).  See 29 U.S.C. § 621 et seq.  Hills argues that the record establishes the existence of a genuine issue of material fact regarding whether Defendant-Appellee Lockheed Martin impermissibly discriminated against him when it did not promote him to eight managerial positions for which he applied.  Specifically,

--------------------

     [*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

he claims that the following material facts demonstrate a genuine issue: (1) He received favorable job reviews; (2) he was more qualified for several of the positions than the individuals who were hired; (3) statements made by Wayne Killough, from the Resources and Services Department, and by Ruth Phillips, Hills's immediate supervisor, demonstrate retaliation; (4) David Kelley, one of the hiring supervisors, had heard through the "rumor mill" that Hills had filed a discrimination complaint with the Equal Employment Opportunity Commission (EEOC); and (5) Hills was singled out and disciplined for alleged violations of Lockheed Martin's smoking rules.

Hills has failed to establish a prima facie case of age discrimination for several of the disputed positions. See Bennett v. Total Minatome Corp., 138 F.3d 1053, 1060 (5th Cir. 1998). Two of the positions were filled by individuals older than Hills. One of the positions was not filled at all because of a lack of project funding. A fourth position was filled prior to being posted and thus before Hills submitted an application. Of the remaining positions, Lockheed Martin presented evidence that the individuals chosen were more qualified than Hills. When asserting that he was more qualified than the individuals chosen, Hills relied on generalized statements about the relative qualifications of the job candidates, which is insufficient to establish age discrimination. See Nichols v. Loral Vought Systems Corp., 81 F.3d 38, 42 (5th Cir. 1996).

Hills has also failed to establish a case of retaliation against Lockheed Martin for his filing of a 1993 EEOC complaint. In his deposition, Hills conceded that he had no reason to believe that any of the hiring supervisors retaliated against him when they did not promote him. He further stated that, other than the fact that he applied for the positions, he had no reason to believe that Lockheed Martin retaliated against him.

Hills has failed to establish that there is a genuine issue of material fact regarding his age discrimination and retaliation claims. See Faruki v. Parsons, 123 F.3d 315, 318 (5th Cir. 1997). Accordingly, the district court's judgment is AFFIRMED.