**IN THE UNITED STATES COURT OF APPEALS**

**FOR THE FIFTH CIRCUIT**

No. 00-30465
(Summary Calendar)

JACQUELINE M. GRANTHAM,

Plaintiff-Appellant,

versus

ALBEMARLE CORP.,

Defendant-Appellee.

Appeal from the United States District Court
for the Middle District of Louisiana
(97-CV-710-B)

December 14, 2000

Before EMILIO M. GARZA, STEWART, and PARKER, Circuit Judges.

PER CURIAM:[*]

Plaintiff-Appellant Jacqueline M. Grantham ("Grantham") appeals the district court's grant of summary judgment to Defendant-Appellee Albemarle Corporation ("Albemarle") based on the court's conclusion that Grantham failed to present evidence sufficient to create a material issue of fact that the non-discriminatory reason Albemarle proffered for Grantham's termination was pretext for age discrimination. For the reasons set forth below, we affirm the district court's judgment.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

The March 1996 sale of Albermale's Olefins business prompted it to function on a considerably reduced basis. Consequently, staffing reductions became necessary in the Purchasing Department where Grantham worked as a buyer. Grantham does not dispute the need for this reduction in force but contends that Albemarle used it as a pretext to mask Albemarle's illegitimate discriminatory intent to terminate her based upon her age.

Relying on Nichols v. Loral Vought Systems Corp., 81 F.3d 38, 41(5th Cir. 1996),[1] the district court found that Grantham was undeniably a member of a protected class, that she was terminated, and that Albemarle did not appear to dispute that Grantham was otherwise qualified. However, the district court did recognize a disagreement regarding whether Grantham's termination raised an inference of unlawful age discrimination.

Citing Armendariz v. Pinkerton Tobacco Co., 58 F.3d 144, 150 (5th Cir. 1995) and Nichols, 81 F.3d at 41, the district court stated that a reduction in force is a legitimate, non-discriminatory reason for an employee's termination. To demonstrate that Albemarle's assertion of its reduction in force was a pretext for discrimination, the court then reasoned that under Amburgey, Grantham therefore had the burden to produce some evidence that Albemarle did not treat age neutrally in making its decision to terminate her. From its analysis of the evidence presented, the district court

---

[1]

In a reduction-in-force case, a plaintiff makes out a *prima facie* case by showing[:] (1) that he is within the protected age group; (2) that he has been adversely affected by the employer's decision; (3) that he was qualified to assume another position at the time of the discharge; and (4) 'evidence, circumstantial or direct, from which a factfinder might reasonably conclude that the employer intended to discriminate in reaching the decision at issue.'

Nichols, 81 F.3d at 41(quoting Amburgey v. Cohart Refractories Corp., Inc., 936 F.2d 805, 812 (5th Cir. 1991)).

adjudged that Grantham failed to produce any such evidence. Upon a *de novo* review of the record, viewing the evidence in the light most favorable to Grantham, we agree.

Grantham argues that Albemarle's statistics regarding the number of terminated employees within the ADEA protected class are misleading. She also contends that Albemarle's suspension of job postings during the reduction in force and its chronological list detailing the job performance of employees ranging in age from 54 to 76 years are evidence of discriminatory intent. Finally, Grantham alleges that retention of Billie Strawbridge ("Strawbridge") and Jeanine Knight ("Knight"), two other buyers younger than she, evidences Albemarle's impermissible consideration of age in making its decision to terminate her.

In a case arising from this same reduction in force, a panel of this court found that neither Albermarle's list nor its statistics raised an inference of discriminatory intent.[2] Upon review of Grantham's claims, the record, and applicable law, we are similarly convinced. Moreover, the district court found that Strawbridge was fewer than twenty-two months younger than Grantham, who was 55 at the time of her termination, and that Knight was not quite four months younger than Grantham. Accordingly, the district court properly relied on O'Conner v. Consolidated Coin Caterers Corp., 517 U.S. 308, 312-13, 116 S. Ct. 1307, 134 L. Ed. 2d 433 (1996) to conclude that the differences in the respective ages of Grantham, Strawbridge, and Knight were legally insignificant.

In addition, the district court correctly reasoned that Grantham's own assertions that she was clearly better qualified than Strawbridge and Knight do not support a conclusion that she actually was better qualified than they. See Molnar v. Ebasco Constructors, Inc., 986 F.2d 115, 119 (5th Cir. 1993)(finding the plaintiff's claim that he was clearly better qualified than retained employees

---

[2] See Kass v. Albemarle Corp., No. 00-30044 (5th Cir. June 7, 2000).

3

insufficient to support a jury verdict).  Grantham presented no evidence that these alleged disparities "are so apparent as virtually to jump off the page and slap us in the face." Louisiana Office of Cmty. Servs., 47 F.3d 1438, 1445 (5th Cir. 1995).  As such, there is insufficient evidence in the case at bar to create a fact issue as to whether Grantham was clearly better qualified than Strawbridge and Knight.

Accordingly, we AFFIRM the district court's grant of summary judgment in favor of Albemarle.

AFFIRMED.