Jack MAHAVEN, Plaintiff,

v.

PULASKI TOWNSHIP, Defendant.

No. CIV.A. 99–1795.

United States District Court,
W.D. Pennsylvania.

April 9, 2001.

John J. Bongivengo, New Castle, PA, for plaintiff.

Joseph L. Orszulak, II, Marks, O'Neill, Reilly, O'Brien & Courtney, Pittsburgh, PA, for defendant.

## MEMORANDUM

LANCASTER, District Judge.

This is an action in employment discrimination. Plaintiff, Jack Mahaven, alleges that defendant, Pulaski Township, failed to promote him to the position of Chief of Police because of his age, 52 years, in violation of the Age Discrimination in Employment Act of 1967, as amended, 29 U.S.C. §§ 621–634 ("ADEA"). Plaintiff seeks damages and certain equitable relief.

Defendant has filed a motion for summary judgment arguing, among other things, that the undisputed evidence of record establishes that defendant's proffered reasons for failing to promote plaintiff are not a pretext for age discrimination. For the reasons set forth below, the motion will be granted.

## I. BACKGROUND

Unless indicated, the following material facts are undisputed. Plaintiff began his employment with Pulaski Township in 1993 as a part-time police officer. In November of 1996, the Police Chief of Pulaski Township, William Hogue, took medical leave and, for all practical purposes, did not return.

The responsibility to hire a new police chief rested with the three member Pulaski Township Board of Supervisors. Apparently the job of police chief is not an arduous position and, in fact, plaintiff told one of the supervisors that it was not necessary for Pulaski Township to even have a full-time police chief. Plaintiff concedes that he did not offer his services to fill in as a part-time police chief in Mr. Hogue's absence, nor did plaintiff express any interest in succeeding Mr. Hogue for the position. In fact, plaintiff concedes that he had no interest in becoming police chief in 1996.

There is some dispute as to the exact time that the transition took place. It is undisputed, however, that at a point after Mr. Hogue's departure, another part-time officer, Jim Morris, voluntarily began to assume the responsibilities of the police chief. By 1998, however, the Board of Supervisors determined that the position should be filled. The Board awarded the position to Mr. Morris, then age 37. Thereafter, plaintiff filed this complaint alleging that he was not considered for the position because of his age, 52 years.

## II. Standard of Review

The court will grant summary judgment "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c). A fact is "material" only if it might affect the outcome of the case under the governing substantive law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). Factual disputes concerning issues that are irrelevant to the outcome of the case are, therefore, not considered. *Id.* Factual disputes must also be "genuine" in that the evidence presented must be such "that a reasonable jury could return a verdict for the nonmoving party." *Id.*

A non-moving party may not successfully oppose a summary judgment motion by resting upon mere allegations or denials contained in the pleadings, or by simply reiterating those allegations or denials in an affidavit. *Lujan v. National Wildlife Fed'n*, 497 U.S. 871, 888, 110 S.Ct. 3177, 111 L.Ed.2d 695 (1990). Rather, the non-moving party must offer specific evi-

dence found in the record that contradicts the evidence presented by the movant and indicates that there remain relevant factual disputes that must be resolved at trial. *See id.* If the non-moving party does not respond in ·this manner, the court, when appropriate, shall grant summary judgment. Fed.R.Civ.P. 56(e).

With these concepts in mind, the court turns to the merits of defendant's motion.

### III. *Discussion*

■ The general proof framework in an age discrimination case under the ADEA, where there is no direct evidence of discrimination, is as follows. The plaintiff must first establish a *prima facie* case,[1] which gives rise to a rebuttable presumption of age discrimination. Next, the burden shifts to the defendant to articulate a legitimate, non-discriminatory reason for the adverse employment action. If the defendant meets this burden, the presumption of discrimination created by the prima facie case disappears. Finally, the burden shifts to the plaintiff to demonstrate that the defendant's articulated reason is pretextual. *See Saint Mary's Honor Ctr. v. Hicks,* 509 U.S. 502, 507–08, 113 S.Ct. 2742, 125 L.Ed.2d 407 (1993); *Texas Dep't of Community Affairs v. Burdine,* 450 U.S. 248, 252–55, 101 S.Ct. 1089, 67 L.Ed.2d 207 (1981); *McDonnell Douglas Corp. v. Green,* 411 U.S. 792, 802–03, 93 S.Ct. 1817, 36 L.Ed.2d 668 (1973).

■ We assume, for purposes of the motion, that plaintiff can establish a *prima facie* case. The Township proffered multiple reasons for offering Mr. Morris the job rather than plaintiff; however, the core reasons are: 1) Mr. Morris, a sergeant, was· senior to plaintiff in rank; 2) Mr. Morris had voluntarily assumed the duties and responsibilities of Police chief and was thus deemed the more ambitious candidate; 3) Mr. Morris, in the view of the Board of Supervisors, was doing a good job as the *de facto* Police chief; 4) plaintiff had never expressed an interest in the position; and 5) at least one of the three Supervisors was aware of citizen complaints regarding plaintiff's performance as a patrolman. These are legitimate non-discriminatory reasons for choosing Mr. Morris over plaintiff.

Plaintiff has failed to place evidence on the record to show that any of these proffered reasons are unworthy of belief. That is, he has failed to place any evidence on the record to dispute that Mr. Morris was senior to him in rank, or that Mr. Morris had voluntarily assumed the duties of Police chief, or that Mr. Morris was doing a good job. Plaintiff has produced no evidence to suggest otherwise. Nor does he dispute that he failed to express an interest in the position before it was awarded to Mr. Morris. Nor does he dispute that his personnel file contained adverse complaints from citizens. In fact, defendant has placed no evidence on the record to suggest that any of these legitimate non-discriminatory proffered reasons are factually untrue. Rather, he simply contends that these were not the defendant's actual reasons, but his age was. That is insufficient to withstand summary judgment.

■ Nor is the court persuaded by plaintiff's "direct evidence of discrimination." "Direct evidence of discrimination

---

1. The prima facie age discrimination case consists of the following four elements: (1) plaintiff belongs to a protected class, i.e., that he is at least 40 years of age; (2) he was qualified for the position; (3) he suffered an adverse employment decision; and (4) in the case of a failure to hire, another was chosen who was sufficiently younger, so as to create an inference of age discrimination. *Narin v. Lower Merion Sch. Dist.,* 206 F.3d 323, 331 (3d Cir.2000).

is evidence which, if believed, would prove the existence of a fact (i.e., unlawful discrimination) without any inferences or presumptions." *Nichols v. Loral Vought Sys. Corp.*, 81 F.3d 38, 40 (5th Cir.1996) (emphasis omitted). In this regard plaintiff identified his "direct evidence" as follows: first, although Mr. Morris was the more senior in rank, plaintiff was more senior in time on the police force. And, Pulaski Township had historically promoted by seniority in time on the job. Second, the Township failed to adhere to "an affirmative action policy." Finally, at some unspecified time, one of the supervisors made a reference to the fact that plaintiff receives a pension from the Pennsylvania State Police force, and therefore he did not need the money that the Police chief makes. None of these constitutes direct evidence of age discrimination.

█ Focusing upon plaintiff's evidence to rebut defendant's offer of a legitimate, common, nondiscriminatory reason for offering the position to Mr. Morris and not plaintiff, the court finds that no trier of fact could reasonably find from the record presented that defendant's avowed reasons for choosing Mr. Morris over plaintiff are unworthy of belief or otherwise a pretext for age discrimination. Plaintiff has simply failed to provide any evidence that would enable a trier of fact to determine that his age was a determinative factor in defendant's decision. Accordingly, defendant's motion for summary judgment is granted.

The appropriate order follows.

### ORDER

AND NOW, this —— day of, 2001, upon consideration of defendant's motion for summary judgment [Document # 11], IT IS HEREBY ORDERED that the motion is granted. The Clerk of Court is directed to mark the case closed.