United States Court of Appeals
Fifth Circuit

**F I L E D**

February 7, 2007

Charles R. Fulbruge III
Clerk

*In The United States Court Of Appeals
For The Fifth Circuit*

No. 06-40544
Summary Calendar

MARCIA S. DAVIS,

        Plaintiff — Appellant,

        v.

MOORE WALLACE, INC.,

        Defendant — Appellee.

Appeal from the United States District Court
For the Eastern District of Texas
No. 9:05-CV-57

Before SMITH, WIENER, and OWEN, Circuit Judges.

PER CURIAM:[*]

      Marcia Davis sued Moore Wallace, Inc. (Moore), alleging sex discrimination and retaliation in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e (Title VII). The district court granted summary judgment to Moore on all of Davis's Title VII claims, and Davis appeals. We affirm.

---

[*]Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

# I

Davis worked as the only female press operator for Moore at its Nacogdoches, Texas facility. While working for Moore, Davis missed work on several occasions to take her daughter to Houston for medical treatment. Moore claims that it terminated Davis for violating its written attendance policy. Moore placed Davis on final written warning after she missed three consecutive days of work in June 2003. Moore was instructed that, according to the attendance policy, if she missed any more hours before February 26, 2004, she would be terminated. Moore claims that Davis was terminated in January 2004 because she accrued additional absent hours during the week of December 15, 2003.

Davis claims that she was in compliance with the attendance policy because she had permission to miss the three days in June 2003 and to make up the hours missed in December 2003. Davis also claims that at the end of December 2003, Operations Manager Tim Gillespie said to her, "I never did like the idea of having a female press operator anyway and if it is the last thing I do you will be gone." Davis reported this remark to Assistant Human Resources Director Joe Cortes on December 31, 2003. Davis claims that Moore terminated her because of her sex and in retaliation for her complaint against Gillespie.

# II

We review a district court's grant of summary judgment *de novo*.[1] Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and

---

[1]*Pegram v. Honeywell, Inc.*, 361 F.3d 272, 278 (5th Cir. 2004).

admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law."[2] An issue as to a material fact is "genuine" if the evidence would permit a reasonable jury to return a verdict for the non-moving party.[3] We construe the evidence in the light most favorable to the non-moving party and draw all reasonable inferences in her favor.[4] "We may affirm summary judgment on any legal ground raised below, even if it was not the basis for the district court's decision."[5]

## A

A plaintiff may prove a Title VII discrimination claim through direct or circumstantial evidence.[6] Direct evidence of discrimination "is evidence which, if believed, proves the fact without inference or presumption."[7] If the plaintiff provides direct evidence, then the burden shifts to the employer to prove that the same adverse action would have occurred regardless of discriminatory animus.[8]

---

[2]FED. R. CIV. P. 56(c).

[3]*Roberson v. Alltel Info. Servs.*, 373 F.3d 647, 651 (5th Cir. 2004) (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)).

[4]*Id.*

[5]*Performance Autoplex II Ltd. v. Mid-Continent Cas. Co.*, 322 F.3d 847, 853 (5th Cir. 2003).

[6]*Laxton v. Gap Inc.*, 333 F.3d 572, 578 (5th Cir. 2003).

[7]*Brown v. E. Miss. Elec. Power Ass'n*, 989 F.2d 858, 861 (5th Cir. 1993).

[8]*Id.*

Absent direct evidence of discrimination, *McDonnell Douglas Corp. v. Green*[9] and its progeny establish the burden-shifting analysis to be applied. In order to overcome a motion for summary judgment on her discrimination claim, the plaintiff must first establish a *prima facie* case of discrimination, which entitles her to a presumption of discrimination.[10] The defendant may rebut this presumption by presenting a legitimate, nondiscriminatory reason for its actions.[11] Under the traditional *McDonnell Douglas* analysis, the plaintiff must then offer sufficient evidence to create a genuine issue of material fact that the defendant's proffered reason for its action is pretextual.[12]

To establish a *prima facie* case of sex discrimination, "a plaintiff need only make a very minimal showing."[13] Therefore, we assume without deciding that Davis established a *prima facie* case.

Under the second step of the burden-shifting analysis, Moore presented a legitimate, nondiscriminatory reason for terminating Davis: she violated Moore's attendance policy. Davis was given verbal and written warnings in accordance with Moore's written attendance policy on sixteen separate occasions between November 1998 and May 2003. In June 2003, Davis missed three consecutive days of work, and she was placed on final written warning

[9]411 U.S. 792 (1973).

[10]*Shackelford v. Deloitte & Touche, LLP*, 190 F.3d 398, 404 (5th Cir. 1999).

[11]*Id.*

[12]*Id.*

[13]*Nichols v. Loral Vought Sys. Corp.*, 81 F.3d 38, 41 (5th Cir. 1996).

and told that she would be terminated if she missed any additional hours before February 26, 2004. Davis then accrued additional absent hours during the week of December 15, 2003, which resulted in her termination.

Under the final step of the burden-shifting analysis, Davis must present sufficient evidence to create a genuine issue of material fact that Moore's proffered reason is pretextual. Davis contends that Moore's proffered reason was pretextual because she was in compliance with the attendance policy. Davis maintains that she received permission from her supervisor, Sheila Murdock, to take three days off in June 2003 in accordance with the Family Medical Leave Act (FMLA). Moore allows employees to take up to twelve weeks of FMLA leave per year because of their own or a family member's serious medical condition. Once an employee misses twelve weeks of FMLA leave time, any additional missed hours are charged against the employee as unapproved absent hours under Moore's attendance policy. Moore presented undisputed evidence that Davis had already used twelve weeks of FMLA leave prior to missing three days in June 2003. Also, under Moore's policy, FMLA leave must be approved by an employee in the Human Resources Department, and there is no evidence that anyone in the Human Resources Department approved Davis's absences in June 2003. Davis's own conclusory remark that her June 2003 absences were "approved" is insufficient raise a fact issue.[14]

---

[14]*See Freeman v. Tex. Dep't of Criminal Justice*, 369 F.3d 854, 860 (5th Cir. 2004) ("[T]he nonmovant cannot satisfy [her] burden with conclusory allegations, unsubstantiated assertions, or only a scintilla of evidence.").

Davis also claims that she had permission to work her assigned hours on a different schedule during the week of December 15, 2003. Even if Davis had permission to work a different schedule that week, the undisputed documentary evidence shows that Davis worked 65 hours when she was assigned to work 68 hours. The only evidence that Davis presents to show that she worked all of the hours she was assigned for the week of December 15, 2003 is her conclusory statement that she did so, which is insufficient to create a fact issue.[15]

Davis also argues that Gillespie's comment is direct evidence of sex discrimination. "For comments in the workplace to provide sufficient evidence of discrimination, they must be (1) related to the protected class of persons of which the plaintiff is a member; (2) proximate in time to the terminations; (3) made by an individual with authority over the employment decision at issue; and (4) related to the employment decision at issue."[16] Gillespie was an Operations Manager at the plant, but there is no evidence that he had any authority over the termination decision or that he had any influence over the actual decision-makers. The evidence of Gillespie's comment, therefore, is insufficient to raise a fact issue of discrimination.

Also, the fact that Gillespie told Davis, "I never did like the idea of having a female press operator anyway and if it is the last thing I do you will be gone," is insignificant in

---

[15]*See id.*

[16]*Auguster v. Vermilion Parish Sch. Bd.*, 249 F.3d 400, 405 (5th Cir. 2001) (internal quotations omitted).

comparison to the evidence of Davis's violations of Moore's attendance policy.[17] The undisputed evidence also shows that Moore fired two male employees for violations of the attendance policy during the same period that it fired Davis. Absent any evidence that Moore would have been more lenient of similar violations by a male employee or that Davis did not in fact commit the violations cited by Moore, we cannot conclude that Gillespie's statement, on its own, is sufficient to meet Davis's burden of creating a fact issue that Moore had a discriminatory motive for the termination.[18]

**B**

The same burden-shifting analysis applicable to Davis's Title VII discrimination claim also applies to Davis's Title VII retaliation claim.[19] To establish a *prima facie* case for unlawful retaliation, the plaintiff must establish "(1) that she engaged in activity protected by Title VII, (2) that an adverse employment action occurred, and (3) that a causal link existed between the protected activity and the adverse employment action."[20] Davis has failed to raise a genuine issue of material fact on the third element of her *prima facie* case.

For Davis to establish that a causal link existed between the protected activity and the adverse employment action, "the evidence must show that the employer's decision to

---

[17]*See id.*

[18]*See id.* at 405-06.

[19]*Long v. Eastfield Coll.*, 88 F.3d 300, 304 (5th Cir. 1996).

[20]*Id.*

7

terminate was based in part on knowledge of the employee's protected activity."[21] This may be established by presenting "evidence that the ultimate decision maker, with final authority to hire and fire subordinate employees merely 'rubber stamped' a recommendation to terminate made by an employee with knowledge of the complaint."[22]

Davis alleges that Tim Gillespie said to her, "I never did like the idea of having a female press operator anyway and if it is the last thing I do you will be gone." In her deposition, Davis testified that she reported this remark to Assistant Human Resources Director Joe Cortes. It is undisputed that this is a protected activity under Title VII. Even in viewing the evidence in the light most favorable to Davis, however, there is no evidence to support a finding that the decision-makers at Moore had any knowledge of this protected activity at the time the decision to terminate Davis was made. The evidence shows that on December 18, 2003, Sheila Murdock, Davis's supervisor, informed Catheryn Williams, Senior Human Resources Manager, that Davis had accrued six absent hours from December 15 through 17, in violation of her Final Written Warning probation. That same day, Williams e-mailed Mike Sirchio, Vice President of Human Resources, recommending that Davis be terminated. According to a documented calendar entry and Williams's affidavit, Sirchio and Bill Burch, the plant manager for the facility, approved Davis's termination on December 22, 2003 but decided to postpone it until after the new year to avoid terminating

---

[21]*Sherrod v. Am. Airlines, Inc.*, 132 F.3d 1112, 1122 (5th Cir. 1998).

[22]*Id.*

Davis days before the Christmas holidays.

Davis did not report Gillespie's remark to Cortes until December 31, 2003. Davis presented no evidence to suggest that Sirchio and Burch's decision to terminate Davis was not finalized on December 22. The decision-makers could not have had knowledge of the protected activity at the time they decided to terminate Davis because it had yet to occur. Davis has failed to raise a genuine issue of material fact concerning whether a causal link existed between the protected activity and the adverse employment action.

For the foregoing reasons, we AFFIRM the district court's grant of summary judgment.