# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

December 27, 2007

No. 07-40489
Summary Calendar

Charles R. Fulbruge III
Clerk

VERETTA Y. RUTH

Plaintiff-Appellant

v.

OWENS-ILLINOIS GLASS CONTAINER, INC. and OWENS-BROCKWAY
GLASS CONTAINER, INC.

Defendants-Appellees

Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 9:06-CV-164

Before JOLLY, DENNIS, and PRADO, Circuit Judges.

PER CURIAM:[*]

This failure to promote case involves the sole issue of whether there is sufficient evidence of race and age discrimination to withstand a motion for summary judgment. The district court granted summary judgment in favor of the defendant-employer on the ground that the plaintiff-employee could not

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

establish a prima facie case of discrimination and that even if she could, she did not set forth sufficient evidence of pretext.  Finding no error, we affirm.

## I. BACKGROUND FACTS

In August 1971, Veretta Ruth ("Ruth"), a 57-year old African-American female, began her employment at Owens-Illinois,[1] a glass container manufacturer.  During her tenure at Owens-Illinois, Ruth held the positions of selector, inspector, process checker, crew leader, and assistant foreman.  She exclusively worked on the "cold end" of the production line, which is generally limited to quality inspection and packaging.  The "hot end" of the production line involves a technical manufacturing process utilizing mechanical and electrical machines to melt and mold raw materials into glass containers.

In June 2004, a "cold end" foreman position became available.  Ruth temporarily filled the position.  However, the position was never permanently filled because Owens-Illinois underwent restructuring.  Per the restructuring, Owens-Illinois consolidated the "cold end" foreman position with the "hot end" foreman position.  In April 2005, the consolidated foreman position officially became available and Ruth, Veronica Arrington, and Wendy Martin Sams, a younger, white employee, were each considered for the position.  The objective minimum requirements included:  (1)  familiarity with the "hot end" either through three to five years of direct experience or equivalent education; (2) significant understanding of supervisory skills through work experience or education; and (3) successful completion of the Supervisory Profile Index ("SPI").

According to Owens-Illinois, Ruth only satisfies the third criteria, having successfully completed the SPI after failing twice.  It is undisputed that Ruth never held a position on the "hot end" of the production line.  By way of contrast, Sams completed a four-year apprenticeship program focusing on mechanical and

---

[1] Owens-Illinois refers collectively to Owens-Illinois Glass Container, Inc. and Owens-Brockway Glass Container, Inc.

technical maintenance and graduated with a 4.0 grade point average. Moreover, she is qualified as an electro-mechanic technician. Thus, she has the educational equivalent of experience on the "hot end" of the production line. She also worked as an apprentice and mechanic on the "cold end" for more than five years. Finally, she passed the SPI on her first try. On May 31, 2005, Owens-Illinois promoted Sams to the foreman position.

Ruth filed suit against Owens-Illinois raising allegations of race and age discrimination. The district court granted summary judgment in favor of Owens-Illinois on the ground that Ruth did not establish a prima facie case of discrimination because she did not establish that she was qualified for the consolidated foreman position and that even if she had set forth a prima facie case, she failed to establish pretext. Ruth filed a timely notice of appeal.

## II. STANDARD OF REVIEW

We review a district court's summary judgment ruling de novo, applying the same standard as the district court. Wyatt v. Hunt Plywood Co., 297 F.3d 405, 408 (5th Cir. 2002). A party is entitled to summary judgment only if "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). On a motion for summary judgment, this court must view the facts in the light most favorable to the non-moving party and draw all reasonable inferences in its favor. See Hockman v. Westward Commc'ns, L.L.C., 407 F.3d 317, 325 (5th Cir. 2004). In reviewing the evidence, this court must "refrain from making credibility determinations or weighing the evidence." Turner v. Baylor Richardson Med. Ctr., 476 F.3d 337, 343 (5th Cir. 2007).

## III. ANALYSIS

In order to set forth a prima facie case of discrimination under Title VII, the Age Discrimination in Employment Act, and 42 U.S.C. § 1981, a plaintiff

must set forth sufficient evidence to establish that (1) she belongs to a protected class; (2) she applied for and was qualified for the position she sought; (3) she was not promoted to the position sought, i.e., she suffered an adverse employment action; and (4) her employer promoted someone to the position who was not a member of the protected class. McClaren v. Morrison Mgmt. Specialists, Inc., 420 F.3d 457, 462 (5th Cir. 2005); Davis v. Dallas Area Rapid Transit, 383 F.3d 309, 317 (5th Cir. 2004). Once the plaintiff establishes a prima facie case, the burden shifts to the employer to articulate a legitimate, nondiscriminatory reason for the underlying employment action. Davis, 383 F.3d at 317. The burden then shifts to the plaintiff to present evidence that the employer's proffered reason was a mere pretext for discrimination. Id.

Here, it is undisputed that Ruth satisfies elements one, three, and four of her prima facie case: she is a 57-year old, African American female; she was not promoted to the foreman position; and Owens-Illinois did promote a younger, white employee to the position. However, the district court concluded that Ruth did not satisfy the qualification element. After reviewing the record, we agree. Indeed, Ruth does not have any experience working on the "hot end" of the production line; nor does she have the equivalent educational background. Even if Ruth did have the requisite qualifications, we further agree that she has failed to establish pretext. Indeed, by way of comparison, Sams appears to be the better qualified candidate for the consolidated foreman position given her educational background and her having passed the SPI on her first try. With respect to Ruth's argument that she is better qualified simply because of her years at Owens-Mills, this court has rejected the argument that a longer tenure alone suffices to establish pretext. Nichols v. Loral Vought Sys. Corp., 81 F.3d 38, 42 (5th Cir. 1996); Bodenheimer v. PPG Indus., 5 F.3d 955, 959 (5th Cir. 1993). In short, we conclude that Ruth has not set forth any evidence indicating that Owens-Illinois's justification for hiring Sams over her, i.e., that Sams was

better qualified for the consolidated foreman position, was merely a pretext for unlawful discrimination.

## IV. CONCLUSION

For the foregoing reasons, we affirm the judgment of the district court.

AFFIRMED.