# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

September 17, 2009

Charles R. Fulbruge III
Clerk

No. 08-60890

BOB PACOVSKY,

Plaintiff - Appellant

v.

CITY OF BOONEVILLE MISSISSIPPI; TIM FORTENBERRY, Chief of Police,

Defendants - Appellees

Appeal from the United States District Court
for the Northern District of Mississippi, Eastern Division

Before JOLLY, DeMOSS, and PRADO, Circuit Judges.

PER CURIAM:[*]

Plaintiff Bob Pacovsky, 52, was fired from his position as a police officer for the City of Booneville following his involvement in a car wreck. He sued the city and its police chief (collectively, "Booneville") under the Age Discrimination in Employment Act ("ADEA"), alleging that the city fired him because of his age. The district court granted the defendants' motion for summary judgment and we now affirm.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

We review the district court's grant of summary judgment *de novo*, applying the same legal standards as the district court. The parties agree that the *McDonnell Douglas* burden-shifting framework applies because the plaintiff's ADEA case is purely circumstantial. *See McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802 (1973). According to this framework:

> First, the plaintiff must prove a prima facie case of age discrimination. In this circuit, a prima facie case consists of evidence that a plaintiff: (1) was discharged; (2) was qualified for the position; (3) was within the protected class at the time of discharge; (4) was replaced by someone outside the protected class, or . . . by someone younger, or . . . show otherwise that his discharge was because of age. If the plaintiff succeeds, the burden of production shifts to the defendant to rebut the presumption of discrimination created by the prima facie case by articulating a legitimate, nondiscriminatory reason for its disparate treatment of the plaintiff. Finally, the plaintiff must prove that the defendant's reasons are pretexts for unlawful discrimination either by showing that a discriminatory reason more likely motivated the defendant or by showing the defendant's reason is unworthy of credence. The plaintiff retains the burden of persuading the fact finder that impermissible discrimination motivated the adverse employment decision.

*Bienkowski v. American Airlines, Inc.*, 851 F.2d 1503, 1504-05 (5th Cir. 1988) (citations and footnote omitted).

The first three elements of Pacovsky's prima facie case are undisputedly met. Because the burden for establishing a prima facie case is "very minimal," we will assume that Pacovsky established the fourth element by showing that younger officers involved in other car accidents were not terminated. *See Nichols v. Loral Vought Sys. Corp.*, 81 F.3d 38, 41 (5th Cir. 1996).

The burden of production then shifts to Booneville, which articulated nondiscriminatory reasons for terminating Pacovsky. Pacovsky attempted to rebut the city's articulated reasons by showing that his misconduct was essentially the same as that of the younger police officers who were involved in car wrecks but were not fired. Pacovsky has conceded that if any of these

situations are distinguishable from his own, his case fails for failing to show that the city's reasons were pretextual. *See Reeves v. Sanderson Plumbing Prods., Inc.,* 530 U.S. 133, 142 (2000).

Based on our review of the record, Pacovsky has failed to adduce evidence that rebuts Booneville's stated reasons for his termination. The record demonstrates material differences between Pacovsky's wreck and the wrecks of the younger officers who were not terminated. First, Pacovsky violated a direct order of a superior and multiple departmental policies, whereas one of the younger officers had permission from the police chief to engage in the chase that led to his accident. Second, Pacovsky created a danger that was severe and more than merely negligent; he intentionally tried to stop a fleeing suspect going over 100 miles per hour by blocking the suspect's path with his and another officer's cars. Third, Pacovsky's dangerous actions were not justified by the circumstances. He became involved in a pursuit in which he knew other officers were already engaged; further, he did not know what the suspect was accused of when he attempted to stop him.

For the reasons stated above, the judgment of the district court is

AFFIRMED.