**Joyce Ann BURDINE,**
**Plaintiff-Appellant,**

v.

**TEXAS DEPARTMENT OF COMMUNITY AFFAIRS, Defendant-Appellee.**

**No. 77-1101.**

United States Court of Appeals,
Fifth Circuit.

May 29, 1981.

---

**514**

Hubert L. Gill, Austin, Tex., for plaintiff-appellant.

Mark White, Atty. Gen. of Texas, Roland Allen, Richard Scott Rafes, Asst. Attys. Gen., Austin, Tex., for defendant-appellee.

## ON REMAND FROM THE SUPREME COURT OF THE UNITED STATES

Before JONES, CHARLES CLARK and GEE, Circuit Judges.

GEE, Circuit Judge:

By its unanimous opinion of March 4, *Texas Department of Community Affairs v. Burdine*, —— U.S. ——, 101 S.Ct. 1089, 67 L.Ed.2d 207 (1981), the Supreme Court vacated our former judgment herein, explained and corrected two errors of law contained in our prior opinion,[1] and remanded the case to us for further proceedings. We requested further briefing from the parties regarding the effect of the Court's opinion. Those briefs have now come. Like the proverbial bumpkin in the black-

smith's shop, we need not hold this hot horseshoe long in order to inspect it.

As enunciated by the Court, the correct rules of law to be applied in such cases as this are:

■ (1) In responding to a plaintiff's proof of a prima facie case of employment discrimination,[2] the defendant employer need only produce admissible evidence that would allow the trier of fact rationally to conclude that the employment decision had not been motivated by discriminatory animus. His burden in this respect is one of production only, not one of persuasion. Insofar as our authorities[3] are to the contrary, they must of course yield. To that extent, they are overruled.

■ (2) Since Title VII "does not require the employer to restructure his employment practices to maximize the number of minorities and women hired," —— U.S. at ——, 101 S.Ct. at 1097, 67 L.Ed.2d at 219, the criterion in evaluating employment decisions is equality of employees' objective qualifications, not superiority of those possessed by the preferred employee. Insofar as our authorities[4] can be read as to the contrary, they must yield in this respect as well.

■ Applying these corrected legal standards to the evidence in this case and to the findings of the district court, we conclude that its judgment was correct and must in all respects be affirmed. That court found that plaintiff Burdine was terminated for the good of the agency and because she and two others also terminated did not work well together and had disagreements. Evidence supporting these findings is present; they are not clearly erroneous. Its finding that plaintiff Burdine was not discriminatorily treated as to compensation must likewise be affirmed. Under the correct rules, enunciated by the Court, the finding below

---

1. 608 F.2d 563 (5th Cir. 1979).

2. In the mode of burden and order of proof set forth in *McDonnell-Douglas Corp. v. Green*, 411 U.S. 792, 93 S.Ct. 1817, 36 L.Ed.2d 668 (1973).

3. Such as *Turner v. Texas Instruments, Inc.*, 555 F.2d 1251 (5th Cir. 1977).

4. *E. g., East v. Romine, Inc.*, 518 F.2d 332 (1975).

that other employees—male and female—had been delegated additional duties without pay or promotion and evidence in the record that the work performed by Burdine was not equal to that done by those to whom she compares her compensation dispose of this issue. The articulated reason, less money for less work, is clear in the record. We are instructed to require no more. The judgment of the trial court is AFFIRMED.