**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

United States Court of Appeals
Fifth Circuit

**F I L E D**
April 25, 2012

No. 11-60343

Lyle W. Cayce
Clerk

MILO RICHARDSON,

Plaintiff - Appellant

v.

PRAIRIE OPPORTUNITY, INCORPORATED; LAURA A. MARSHALL,

Defendants - Appellees

Appeal from the United States District Court
for the Northern District of Mississippi
USDC No. 1:10-CV-2

Before JOLLY, DAVIS, and BARKSDALE, Circuit Judges.

PER CURIAM:[*]

Milo Richardson contests the summary judgment against his gender-discrimination and retaliation claims. VACATED and REMANDED.

I.

In 2003, Richardson was hired as a program administrator by Prairie Opportunity, Inc. (Prairie), a non-profit corporation that provides financial assistance to the poor. On 21 January 2009, Richardson filed an Equal

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 11-60343

Employment Opportunity Commission (EEOC) charge of discrimination, stating he believed: he had been treated less favorably because of his gender; and, his gender was a motivating factor in his not receiving a raise he was due in 2008. At that time, Richardson was the only male among eight employees at Prairie's central office.

On 10 March 2009, executive director Laura Marshall, Richardson's supervisor, presented Richardson a document to sign, but he refused to do so until he had read it. An argument ensued between them, which resulted in Marshall's filing an internal employee-disciplinary report, alleging Richardson had "pointed his finger at [me] and stated what he was not going to do", and suspending him for five days without pay. On 16 March, the board of directors, on Marshall's recommendation, terminated Richardson's employment. He subsequently amended his EEOC charge to add he believed his initial EEOC charge was a motivating factor in his termination.

After receiving a right-to-sue letter from the EEOC, Richardson filed this action against Prairie and Marshall, claiming, *inter alia*: gender discrimination, under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.*; retaliation, under Title VII; and a state-law malicious-interference-with-employment claim against Marshall. Defendants were awarded summary judgment on the two Title VII claims, but Marshall was denied summary judgment on the tortious-interference claim. *Richardson v. Prairie Opportunity, Inc.*, No. 1:10-CV-2-MPM, 2011 WL 1769104 (N.D. Miss. 9 May 2011) (Opinion). Subsequently, Richardson dismissed Marshall voluntarily (tort claim against her pending in state court).

II.

A summary judgment is reviewed *de novo*. *E.g.*, *Davis-Lynch, Inc. v. Moreno*, 667 F.3d 539, 549 (5th Cir. 2012). Such a judgment is proper if "there is no genuine dispute as to any material fact and the movant is entitled to

No. 11-60343

judgment as a matter of law". Fed. R. Civ. P. 56(a). A dispute is genuine if the evidence is such that a reasonable juror could find for the non-moving party. *E.g.*, *Davis-Lynch*, 667 F.3d at 549. All evidence is viewed in the light most favorable to the non-moving party. *Id.* at 549-50.

A.

Before reaching the substance of the two claims, the role of Prairie's board in Richardson's termination must be addressed. The district court awarded Prairie summary judgment on the retaliation claim on the ground that "Richardson has not offered a scintilla of proof to suggest that Prairie's board considered his previously filed EEOC complaint in reaching its decision [to terminate him]". Opinion at 10. Because his termination is the adverse employment action on which both claims rest, that reasoning (board not involved in alleged improper conduct) could apply equally to Richardson's gender-discrimination claim.

"Employers are liable under Title VII, in accordance with common law agency principles, for the acts of employees committed in the furtherance of the employer's business." *Long v. Eastfield Coll.*, 88 F.3d 300, 306 (5th Cir. 1996). But, as noted by the district court, Marshall did not terminate Richardson; the board did. And, "in determining whether an adverse employment action was taken as a result of retaliation [or discrimination], our focus is on the final decisionmaker". *Gee v. Principi*, 289 F.3d 342, 346 (5th Cir. 2002).

The question thus becomes whether the board's decision to terminate Richardson was tainted by Marshall's alleged animus–*i.e.*, whether the board acted as her "cat's paw". *Long*, 88 F.3d at 307 (citing *Shager v. Upjohn Co.*, 913 F.2d 398, 405 (7th Cir. 1990)). If not, the causal link between Marshall's alleged animus and Richardson's termination is broken, and Richardson cannot recover against Prairie. *E.g.*, *Staub v. Proctor Hosp.*, 131 S. Ct. 1186, 1191, 1194 (2011) (holding employer is liable under "very similar" Uniformed Services Employment

No. 11-60343

and Reemployment Rights Act when employee, motivated by unlawful animus, intends to cause adverse employment action and proximately causes that action).

Given Marshall's position as Prairie's executive director, her testimony and that of a board member that Marshall had final authority over personnel decisions, minutes showing that Marshall's recommendation and its being adopted by the board occurred at the same 16 March 2009 board meeting, and the absence of evidence of independent fact-finding by the board, there was a genuine dispute on whether Marshall caused Richardson's termination. The district court said as much, and more, in ruling on Richardson's tortious-interference claim against Marshall: "It is undisputed that Marshall's evaluations and recommendation to Prairie's board are what led to Richardson's loss of employment." Opinion at 12. Thus, on this record, that the board, rather than Marshall, made the ultimate termination decision does not permit summary judgment on that basis against either Title VII claim.

B.

Accordingly the two claims are addressed. That for gender-discrimination is considered first.

1.

Title VII forbids an employer from discriminating against an employee "because of such individual's race, color, religion, sex, or national origin". 42 U.S.C. § 2000e-2(a). In maintaining a Title VII discrimination claim based on circumstantial evidence, plaintiff "must carry the initial burden under the statute of establishing a prima facie case". *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802 (1973). The burden then shifts to the employer "to articulate some legitimate, nondiscriminatory reason" for its action. *Id.* Finally, plaintiff must be afforded a fair opportunity to show:  the employer's stated reason was pretext, *id.* at 804; or, an impermissible consideration was a "motivating factor", *Desert Palace, Inc. v. Costa*, 539 U.S. 90, 101-02 (2003). *See also Smith v. Xerox*

4

No. 11-60343

*Corp.*, 602 F.3d 320, 333 (5th Cir. 2010) (citing *Price Waterhouse v. Hopkins*, 490 U.S. 228 (1989)) (mixed-motive "defense" allows employer, once employee presents evidence that illegitimate consideration was a "motivating factor", to show it would have made same decision even without that consideration).

To establish a *prima facie* case of discrimination, Richardson must show: (1) he is a member of a protected class; (2) he was qualified for his job; (3) he suffered an adverse employment action; and, (4) he was treated less favorably than employees outside the protected class. *E.g.*, *Septimus v. Univ. of Houston*, 399 F.3d 601, 609 (5th Cir. 2005). "The burden of establishing a prima facie case of disparate treatment is not onerous." *Tex. Dep't of Cmty. Affairs v. Burdine*, 450 U.S. 248, 253 (1981). As Richardson is male, has a masters degree in social work, was terminated, and presented evidence that he was treated more harshly than the female employees in the central office–*e.g.*, was the only employee required to sign upon receipt of memoranda, was singularly undermined by Marshall in front of the staff, was "written up" for projects he had completed–he established a *prima facie* case of discrimination.

The burden then shifts to Prairie to articulate a legitimate, nondiscriminatory reason for terminating Richardson. *Id.* at 254-56; *McDonnell Douglas*, 411 U.S. at 802. Richardson concedes that Prairie met its burden of production by presenting evidence that he was terminated because of his alleged 10 March 2009 misconduct toward Marshall.

Plaintiff retains "the ultimate burden of persuading the court that [he] has been the victim of intentional discrimination". *Burdine*, 450 U.S. at 256. Plaintiff may succeed "either directly by persuading the court that a discriminatory reason more likely motivated the employer or indirectly by showing that the employer's proffered explanation is unworthy of credence". *Id.* That is to say, plaintiff may avoid summary judgment if he creates a genuine dispute on the truth of the employer's proffered reasons for termination. *E.g.*,

No. 11-60343

*Septimus*, 399 F.3d at 609.   That is because "rejection of the defendant's proffered reasons will *permit* the trier of fact to infer the ultimate fact of intentional discrimination". *Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 147 (2000) (emphasis in original) (quoting *St. Mary's Honor Ctr. v. Hicks*, 509 U.S. 502, 511 (1993)).

Richardson presented his and a co-worker's deposition and the co-worker's administrative-hearing testimony that Richardson's words and gestures toward Marshall during their 10 March argument were non-threatening, as well as an administrative law judge's (ALJ) finding (in an unemployment-benefits proceeding) that Richardson was not guilty of misconduct and that Marshall had acted "unreasonably".   (Prairie has not objected to consideration of the ALJ's decision.)   That evidence was sufficient to create a genuine dispute on the truth of Prairie's proffered explanation.   It, along with the evidence Richardson presented in making his *prima facie* case, would permit a trier of fact to infer intentional discrimination.   *Reeves*, 530 U.S. at 147.   Therefore, summary judgment against Richardson's discrimination claim was improper.

2.

As noted, the summary judgment against Richardson's retaliation claim was based on the board's, rather than Marshall's, terminating him; as also noted, that basis was improper.   A summary judgment may be affirmed on any ground supported by the record and presented to the district court.   *E.g.*, *Cuadra v. Houston Indep. Sch. Dist.*, 626 F.3d 808, 812 (5th Cir. 2010).   Whether summary judgment was proper on the substance of the claim is addressed below.

Title VII forbids retaliating against an employee because that individual "made a charge" under Title VII.   42 U.S.C. § 2000e-3(a).   As with a discrimination claim, a retaliation claim based on circumstantial evidence proceeds via the *McDonnell Douglas* burden-shifting framework.   *E.g.*, *McCoy v. City of Shreveport*, 492 F.3d 551, 556-57 (5th Cir. 2007).

No. 11-60343

To present a *prima facie* case of retaliation, Richardson must show:  (1) he participated in protected activity; (2) he suffered an adverse employment action; and, (3) there was a causal connection between the protected activity and the adverse action.  *E.g.*, *Stewart v. Miss. Transp. Comm'n*, 586 F.3d 321, 331 (5th Cir. 2009).  It is undisputed that Richardson participated in protected activity (21 January 2009 EEOC charge) and suffered an adverse employment action (16 March 2009 termination).  "Close timing between an employee's protected activity and an adverse action against him may provide the 'causal connection' required to make out a *prima facie* case of retaliation."  *McCoy*, 492 F.3d at 562 (internal quotation marks omitted).  As the district court ruled, this less than two-month span between the protected activity and the adverse action is sufficient "temporal proximity" for a *prima facie* showing of causation.  Opinion at 9; *see also Evans v. City of Houston*, 246 F.3d 344, 354 (5th Cir. 2001) ("[A] time lapse of up to four months has been found sufficient to satisfy the causal connection for summary judgment purposes". (internal quotation marks omitted)).

The burden then shifts to Prairie to articulate a legitimate, non-retaliatory reason for terminating Richardson.  *E.g.*, *McCoy*, 492 F.3d at 557.  Again, it did so by presenting evidence that Richardson was terminated because of his alleged 10 March 2009 misconduct toward Marshall.

Finally, the burden returns to Richardson to show:  Prairie's proffered reason was pretext, *e.g.*, *id.*; or, retaliation was a "motivating factor" in his termination, *Xerox Corp.*, 602 F.3d at 328-30.  Richardson may survive summary judgment by creating a genuine dispute on the truth of Prairie's proffered reason, *e.g.*, *Septimus*, 399 F.3d at 609, thereby permitting a trier of fact to infer retaliation, *e.g.*, *Reeves*, 530 U.S. at 147.

Prairie's proffered reason for terminating Richardson was his alleged 10 March 2009 misconduct.  As detailed above, Richardson presented evidence

No. 11-60343

creating a genuine dispute on the truth of that explanation.  Therefore, the summary judgment against Richardson's retaliation claim was also improper.

## III.

For the foregoing reasons, the judgment is VACATED and this matter is REMANDED for further proceedings consistent with this opinion.