# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 13-60405
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

December 13, 2013

Lyle W. Cayce
Clerk

GEORGE EDWARDS,

                    Plaintiff – Appellant

v.

SENATOBIA MUNICIPAL SCHOOL DISTRICT,

                    Defendant – Appellee

Appeal from the United States District Court
for the Northern District of Mississippi
USDC No. 2:12-CV-39

Before REAVLEY, JONES, and PRADO, Circuit Judges.

PER CURIAM:*

Appellant George Edwards challenges the district court's grant of summary judgment in favor of his former employer, Appellee Senatobia Municipal School District ("School District"). For the reasons stated herein, we affirm the ruling of the district court.

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 13-60405

## BACKGROUND

Edwards is an African-American male who began working as a custodian for the School District at Senatobia Middle School ("SMS") on July 28, 2011. On August 1, 2011, Kristina Scruggs, a white third-grade teacher at SMS, reported to the school principal and assistant principal that her cell phone, which she had left in her classroom earlier that day, went missing while she was away from the classroom. The principal, assistant principal, and Scruggs reviewed security video taken of the hallway outside of Scruggs's classroom, and the video showed that Edwards was the only individual to enter Scruggs's classroom during the relevant time period while Scruggs was away. There were no students at the school when these events occurred because the school year had not yet started, although Scruggs and other teachers were present on campus for professional development meetings.

Custodial staff, including Edwards, were questioned about the missing phone. When School District superintendent Jay Foster questioned Edwards, Edwards denied taking the phone. Foster then showed Edwards the surveillance video footage and asked him what he was doing in Scruggs's classroom. Edwards stated that he might have been cleaning, but when Foster pointed out that Edwards did not take anything into the room with him and had stayed in the classroom for only about one minute, Edwards offered no explanation. Foster dismissed Edwards from his custodial position on August 2 and subsequently hired another African-American male to replace Edwards.

Edwards filed suit against the School District, claiming discrimination based on race, gender, religion and national origin under Title VII of the Civil Rights Act of 1964 and age discrimination under the Age Discrimination in Employment Act of 1967. The School District moved to dismiss all of Edwards's claims, except for his Title VII race claim, on the basis that Edwards

No. 13-60405

had failed to exhaust his administrative remedies. The district court granted the motion. Upon completion of discovery, the School District moved for summary judgment on Edwards's remaining Title VII claim, which the district court granted. Edwards timely appealed.

## STANDARD OF REVIEW

We review a district court's summary judgment *de novo,* applying the same standard as the district court. *Moss v. BMC Software, Inc.*, 610 F.3d 917, 922 (5th Cir. 2010). Summary judgment is warranted if, viewing all evidence in the light most favorable to the non-moving party, *id.*, the record demonstrates that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). A fact is material if it "might affect the outcome of the suit under the governing law," and a dispute is genuine if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S. Ct. 2505, 91 L. Ed. 2d 202 (1986).

## DISCUSSION

Title VII forbids an employer from discriminating against an employee "because of such individual's race, color, religion, sex, or national origin." 42 U.S.C. § 2000e-2(a). In order to prevail on a Title VII employment discrimination claim, the employee must first establish a prima facie case of discrimination. *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802, 93 S. Ct. 1817, 36 L. Ed. 2d 668 (1973). To establish a prima facie case, an employee must show that he (1) is a member of a protected class, (2) is qualified for the position in question, (3) has suffered an adverse employment action, and (4) was treated less favorably than employees outside the protected class. *Richardson v. Prairie Opportunity, Inc.*, 470 F. App'x 282, 285 (5th Cir. 2012). Once an employee overcomes this initial hurdle, the burden shifts to the employer to articulate a legitimate, non-discriminatory reason for its adverse

3

employment action. *Id.* "If this burden is met by the [employer], the [employee] must then offer sufficient evidence that either (1) the [employer's] reason is not true, but is instead a pretext for discrimination or (2) the reason, while true, is only one of the reasons, and another motivating factor is the plaintiff's protected characteristic." *Nunley v. City of Waco*, 440 F. App'x 275, 277 (5th Cir. 2011) (citing *Rachid v. Jack In The Box, Inc.*, 376 F.3d 305, 312 (5th Cir. 2004)).

Although, as noted by the district court, there appears to be an issue as to whether Edwards was wrongfully dismissed based upon ambiguous evidence of fault, Edwards has failed to carry his burden of establishing a prima facie case of discrimination. *See Turner v. Texas Instruments, Inc.*, 555 F.2d 1251, 1257 (5th Cir. 1977) ("Title VII . . . do[es] not protect against unfair business decisions[,] only against decisions motivated by unlawful animus."), *overruled on other grounds*, *Burdine v. Tex. Dept. of Community Affairs*, 647 F.2d 513, 514 n.3 (5th Cir. 1981). Edwards is a member of a protected class who suffered an adverse employment action, and it is undisputed on appeal that he was qualified for the custodial position at SMS. However, Edwards has presented no evidence demonstrating that he was treated less favorably than a similarly-situated employee outside his protected class. Edwards attempts to satisfy this element by showing that Peggy Wooten, another African-American custodian who was seen entering Scruggs's classroom earlier in the day on August 1 and was also questioned about the missing cell phone, was not dismissed from her position and, therefore, received "better treatment" than Edwards did. However, this Circuit has repeatedly clarified that "Title VII's burden-shifting framework [applies] to the question of whether a similarly-situated employee *outside the plaintiff's protected class* was treated more favorably." *Keelan v. Majesco Software, Inc.*, 407 F.3d 332, 340 (5th Cir. 2005) (emphasis added) (quoting *Nieto v. L&H*

*Packing Co.*, 108 F.3d 621, 623 n.5 (5th Cir. 1997)).    Because Edwards and Wooten are both African American, Edwards cannot rely on the School District's treatment of Wooten to establish the last element of his prima facie case.    Edwards has neither argued nor offered any evidence showing that the School District treated a similarly situated non-African-American employee more favorably than Edwards, hence, he has not established a prima facie case of discrimination.    We need not consider whether the School District has articulated a legitimate, non-discriminatory reason for dismissing Edwards because the School District's burden to do so never arose.    *See Richardson*, 470 F. App'x at 285.

Limited as we are to the question whether Edwards has established a prima facie case of racial discrimination, and not whether the School District's decision to dismiss Edwards in the face of ambiguous evidence was the correct choice to make, we must AFFIRM.